F. E. HURLEY, APPELLEE, V. I. A. MANCHESTER, APPELLANT.

FILED DECEMBER 21, 1921.    No. 21767.

1. **Statute of Frauds:** PAROL CONTRACT: MOTION TO DIRECT VERDICT. Where no objection is made to evidence of an oral contract claimed by defendant to be within the statute of frauds, and there is evidence tending to prove a part payment on the contract, a motion made at the close of the evidence for plaintiff to direct a verdict for the defendant on the ground that the contract was within the statute was properly overruled.

2. **Appeal:** OBJECTIONS TO EVIDENCE. In order to save a question as to the reception of evidence for review by the supreme court, objection to such evidence must be made in the trial court.

3. **Landlord and Tenant:** ACTION BY TENANT. Where a landlord and tenant, on the share rent plan, were the owners of a crop of corn, and the tenant alone brought an action to recover for damages for a breach of a contract to purchase the whole crop, and the landlord testified that the tenant was authorized to sell the crop, and that he had authorized the action to be brought in the name of the tenant for both interests, a motion to dismiss the suit, as not being brought by the real party in interest, was properly overruled.

APPEAL from the district court for Valley county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*E. L. Vogeltanz,* for appellant.

*Davis & Davis, contra.*

Heard before LETTON, DEAN and DAY, JJ., ALLEN and BEGLEY, District Judges.

LETTON, J.

Action for damages for breach of contract. Plaintiff recovered judgment and defendant appeals.

Plaintiff alleges that he and defendant in May, 1919, entered into a verbal contract whereby defendant agreed to furnish plaintiff White Champion sweet corn for seed and to purchase from plaintiff all corn of that variety grown by him from said seed during the season of 1919, and plaintiff agreed to sell and deliver to defendant all

such corn raised by him during that year; that defendant agreed to pay $5 a hundred pounds for such corn, payable when the corn was ready for market; that in October, 1919, defendant paid plaintiff $50 on the contract price; that plaintiff sacked the corn in sacks furnished by defendant and offered to deliver it according to the terms of the agreement, but defendant refused to accept the corn or any part thereof; that the market price was much less at that time than $5 a hundred, and the difference between the market value and the price defendant agreed to pay was $419.65, for which sum plaintiff prays judgment.

The answer is practically a general denial.

A number of errors are assigned; the complaints in substance being that the verdict is not supported by the evidence, that the action was not brought by the proper party, and that the alleged contract was within the statute of frauds.

1. The evidence is directly conflicting with respect to the making of the contract. If we were sitting as triers of fact we might take the contrary view from that taken by the jury, but there was sufficient evidence to carry the case to the jury. The conflict was resolved by it in favor of the plaintiff. The verdict depended upon the credibility of the witnesses. Under these circumstances we cannot interfere with it.

2. The evidence showed that the plaintiff was a tenant of one Jackman, who was entitled to a one-half interest in the crop or its proceeds. Jackman testifies, however, that the contract was made for their joint benefit, and that he had authorized plaintiff to bring the action in his own name to recover for the interest of both. This testimony was undisputed. Under these circumstances plaintiff had the right to maintain the action.

3. With respect to the statute of frauds, no objection was made by defendant to the introduction of proof of the oral contract. Furthermore, if the facts are as related by plaintiff, the contract was partly performed by

the payment of $50 upon the contract by defendant in October. It may be questioned whether a contract of the nature of that entered into by plaintiff is a contract of sale, or a contract for work and labor, but it is unnecessary to decide this question.

We find no reversible error in the record. The judgment is therefore

AFFIRMED.